UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-21873-SCOLA
MAGISTRATE JUDGE REID

TROY HENDRICKS,

    Petitioner,

v.

MARK S. INCH.,
et al.,

    Respondents.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### I.   Introduction

This Cause is before the Court upon *sua sponte* review of the file in light of the Court's previous orders directing Petitioner to file a motion to proceed *in forma pauperis* (IFP) or, alternatively, to pay the filing fee, [ECF 4] and an order to amend his petition. [ECF 5]. This habeas action presents a procedural history that amounts to the failure of Petitioner to comply with the Court's orders.

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2019-2.

## II.     Procedural History

On or about May 5, 2019, Plaintiff filed an original petition, which was not on the proper form and failed to comport with the Rules. [ECF 1]. The Court issued an order of instructions, an order requiring the payment of the filing fee or the proper filing of an IFP motion accompanied by the inmate account statement, and an order to amend the petition. [*See* ECF 3, 4, and 5]. Within the order to amend, the Court warned Petitioner that failure to file a petition in accordance with the Rules or the failure to file an amended petition pursuant to the Court's order could lead to the dismissal of his claims. [ECF 5]. The amended petition and the IFP motion or payment were due no later than June 22, 2019. [*Id.*]. Petitioner has not responded to either Court directive.

Recently, the Court received two notices of undeliverable mail for Petitioner. [ECF 6, 7]. Petitioner has not filed a notice of a change of address as required by the Order of Instructions. [ECF 3].

Plaintiff failed to amend his petition in accordance with this Court's orders and has not provided the Court with a forwarding address. The Court must now determine how to address Plaintiff's failure to comply with this Court's directive and failure to prosecute this case. For the reasons set forth below, the undersigned recommends that the petition be dismissed without prejudice.

### III. Discussion

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (*quoting Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). Such authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. *Id.* (*citing* Fed. R. Civ. P. 41(b). *See also Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *Hyler v. Reynolds Metal Co.*, 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute…").[1] Courts undoubtedly possess the power to dismiss an action for "failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle Props., supra* ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b) expressly "authorizes a district court to dismiss a complaint for … failure to comply with a court order). But the Eleventh

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). Such conduct includes "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002).

Here, Petitioner failed to amend his petition or otherwise respond to this Court's orders; therefore, the Court is unable to move forward with this case. In addition, Petitioner was given ample time amend but did not comply. Accordingly, this case should be DISMISSED without prejudice for failure to follow this Court's orders. Because dismissal does not waive any statute of limitations or other procedural defenses which may apply to any future habeas petition, Petitioner is cautioned that dismissal may not guarantee federal consideration of his claims should he re-file another petition later in time

### IV.   Recommendations

For the reasons set forth above, the undersigned recommends that the case against the respondent be DISMISSED without prejudice pursuant to Rule 41(b) for Plaintiff's failure to comply with the orders of this Court, and that the case be closed. *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989) ("While dismissal is

an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 10th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Troy Hendricks
T70060
Desoto Annex
Inmate Mail/Parcels
13617 SE Highway 70
Arcadia, FL 34266
PRO SE